# Order

Michigan Supreme Court
Lansing, Michigan

May 21, 2010

140359

KARLA ONDRUS Guardian and Conservator
for ANDY ONDRUS, a Protected Person, and
all others similarly situated,
          Plaintiff-Appellee,

v

CITIZENS INSURANCE COMPANY,
          Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140359
COA: 293373
Macomb CC: 2008-004408-NF

      On order of the Court, the application for leave to appeal the November 30, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      KELLY, C.J. (*concurring*).

      I concur with the Court's order denying defendant's interlocutory application for leave to appeal. I write separately to briefly address Justice MARKMAN's dissenting statement.

      Justice MARKMAN believes that "the trial court's analysis was based exclusively upon plaintiff's claims and assertions without any independent determination concerning whether class certification prerequisites were met." Yet, Judge Maceroni noted in his opinion, not once but *twice*, that he had reviewed both parties' arguments regarding class certification. He stated: "The Court has reviewed the parties' arguments, pro and con for class certification. Both parties raise meritable [sic] arguments in support of their respective positions."

      Judge Maceroni subsequently analyzed each of the requirements for class certification set forth in MCR 3.501. He noted that the burden is on the plaintiff to show that the requirements for class certification are met. After thoroughly analyzing each of the requirements, Judge Maceroni concluded, "In sum, although both parties have

submitted well-prepared briefs to support their positions, the Court finds Plaintiff's arguments persuasive. Plaintiff has established that all burdens under MCR 3.501 are met satisfactorily for class action certification."

Unlike Justice MARKMAN, I believe that Judge Maceroni's opinion explicitly and independently analyzed whether the prerequisites for class certification were satisfied, and he used the appropriate legal rubric. Therefore, I cannot see a reason to remand this case to the trial court for further proceedings as suggested by Justice MARKMAN.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's denial of leave to appeal in this class action because the class was not certified in accordance with *Henry v Dow Chemical Co*, 484 Mich 483 (2009). In *Henry*, this Court held that "[a] court may base its decision on the pleadings alone *only if* the pleadings set forth sufficient information to satisfy the court that each prerequisite is in fact met." *Id*. at 502. In the instant case, although Chief Justice KELLY places much weight on the fact that the parties prepared briefs that the trial court considered, the fact remains that, contrary to *Henry*, the trial court stated that it was "required to accept the allegations made in support of the request for certification as true," and it appears that the trial court's analysis was based exclusively upon plaintiff's claims and assertions without any independent determination concerning whether class certification prerequisites were met. Therefore, I would remand this case to the trial court for class certification proceedings consistent with *Henry*.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 21, 2010

s0518

*Corbin R. Davis*

Clerk